### NEWBERGER v. MATCHAK.

(Supreme Court, Appellate Term. June 1, 1906.)

LANDLORD AND TENANT—AGREEMENT OF RENEWAL.

Plaintiff, who leased premises from defendant with an agreement that, if he renewed the lease with defendant, he was to have a certain reduction in the second year's rent, plaintiff being told at the time that this would be operative only in case defendant remained the owner, has no claim on account thereof; defendant having sold, and plaintiff having renewed the lease with the successor in title.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Emanuel Newberger against Samuel Matchak. From a judgment for plaintiff, defendant appeals. Reversed and dismissed.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Walter J. Rosenstein, for appellant.
Leon Lewin, for respondent.

GILDERSLEEVE, J.　At the time the plaintiff entered into a written lease with the defendant for certain apartments, a writing was given by the terms of which the defendant agreed to allow the plaintiff the sum of $50 from the rent of the apartment for the next succeeding year in case the plaintiff renewed the lease.　The plaintiff rented from October, 1904, until October, 1905, and had until July 1, 1905, in which to exercise his right of renewal for another year.　The defendant sold the premises in February, 1905, and when the plaintiff indicated a desire to renew his lease he was so informed by the defendant.　The material portion of the writing given by the defendant reads as follows:

"I agree that if said E. Newberger enters into such renewal of lease with me," etc.

The defendant's testimony, received without objection, was that, when the writing was given, he told the plaintiff that it should be operative only in case he (defendant) should remain the owner of the premises. This testimony is not disputed by the plaintiff, who, when he was asked by his counsel if that was the fact, said:

"No; I don't remember whether that word was used.　I would not swear one way or the other to it.　All that I know is that I demanded this paper over the phone, and then I received that from him, and I took it for granted I would have that allowed."

It is clear, from the reading of the agreement and the undisputed testimony of the defendant, that the agreement contemplated only a reduction of $50 in the second year's rent in case a renewal was made with the defendant, if he continued to own the premises.　As he had sold the premises, and plaintiff's renewal of the lease was with the succeeding owner, he had no claim upon the defendant.

Judgment reversed, with costs, and complaint dismissed.　All concur.